UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SILVIA REGINA CARRANZA,

    Plaintiff,

v.                                                                          Case No.  1:15-CV-193

CASS COUNTY,                                                HON. GORDON J. QUIST

    Defendant.
                                             /

**OPINION**

Plaintiff, Silvia Regina Carranza, has filed a pro se complaint against Defendant, Cass County.  Carranza alleges that she "suffers injury from false incarceration for twenty seven days for driving on a suspended license and domestic violence." (Dkt. # 1 at Page ID#1.)  Carranza further alleges that "the policy of the municipality is to charge for a crime that is true, and accurate, and without reasonable doubt to avoid false chares [sic] or false incarceration without error." (*Id.* at Page ID##1–2.)  Carranza alleges that the County erred by falsely incarcerating her.

On February 26, 2015, the magistrate judge issued an order granting Carranza leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings").  The Court must read Carranza's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept her allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).  As set forth below, the Court concludes

that Carranza's complaint must be dismissed as required by § 1915(e)(2) because it fails to state a claim.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an

action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

The basis of Carranza's claim is not clear. Carranza says that she was incarcerated for 27 days for driving on a suspended license and domestic violence, but she did not commit either crime. It appears that Carranza may be alleging claims for false imprisonment or malicious prosecution under the Fourth Amendment. Carranza also mentions "equal rights protections," which the Court construes as an equal protection claim.

Carranza's claims fail for several reasons. First, she fails to allege sufficient facts to give her complaint facial plausibility that her constitutional rights were violated. Carranza simply alleges that she was incarcerated for twenty-seven days but did not commit either crime. Her allegations are nothing more than labels and conclusions because she provides no factual basis to show that her rights were violated. For example, a lack of probable cause is a necessary element to both false imprisonment and malicious prosecution claims under the Fourth Amendment. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (noting that "the plaintiff must show that there was a lack of probable cause for the criminal prosecution" in order to establish a malicious prosecution claim); *Wolgast v. Richards*, 389 F. App'x 494, 501 (6th Cir. 2010) (noting that "[t]he presence of probable cause would defeat" a false imprisonment claim under the Fourth Amendment). However, Carranza fails to allege any facts showing that her arrest and incarceration were not supported by probable cause. Similarly, Carranza fails to allege any facts supporting an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment "embodies the principle that all persons similarly situated should be treated alike." *Marie v. Am. Red Cross*, 771 F.3d 344, 361 (6th Cir. 2014) (internal quotation marks omitted). Carranza does not allege that she was treated different than other similarly-situated individuals.

Second, it appears that, at bottom, Carranza is alleging that her state-court convictions are invalid. If so, her claims would be barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), which holds that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 512 U.S. at 486–87, 114 S. Ct. at 2372. Carranza's allegation that she did not commit either crime suggests that success on her claims would render her convictions invalid. Thus, they would be barred by *Heck*.

Finally, in order to prevail on a claim under 42 U.S.C. § 1983 against a municipality, such as Cass County, Carranza cannot rely on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Instead, Carranza must show that a policy or custom of the County resulted in the alleged unconstitutional deprivation. *Id.* at 694, 98 S. Ct. at 2037. Carranza's claim against Cass County fails because she does not allege that a policy or custom caused a deprivation of her rights. Rather, Carranza alleges that Cass County's policy "is to charge for a crime that is true, and accurate, and without reasonable doubt to avoid false charges or false incarceration without error." Such a policy is constitutional and, thus, could not have resulted in a deprivation of Carranza's constitutional rights.

For the foregoing reasons, Carranza's complaint must be dismissed.

An Order consistent with this Opinion will be entered.


Dated: June 2, 2015　　　　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE